902 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard F. KAUFHOLD, Plaintiff-Appellant,
v.
Clarence L. JACKSON, Jr.; George M. Hampton, Sr.; Lewis W.
Hurst; Morris L. Ridley; Frank E. Saunders,
Defendants-Appellees.
 No. 89-7539.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1989.
Decided April 13, 1990.
Rehearing and Rehearing In Banc Denied May 8, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-89-103-R).
 Alexander Riddick Iden, Massie & Boyd, P.C., Winchester, Virginia, argued, for appellant.
 Robert Harkness Herring, Jr., Assistant Attorney General, Richmond, Va., for appellees; Mary Sue Terry, Attorney General, Richmond, Va. on brief.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Richard Kaufhold, presently incarcerated in the Virginia state prison system, has appealed from the district court's dismissal of the Sec. 1983 action he filed against members of the Virginia Parole Board. The basis of Kaufhold's suit was that the Board violated his rights to due process and equal protection of the laws when it denied him parole release because of "the serious nature and circumstances of [his] crimes." Kaufhold claims that the "boilerplate" explanation given to him was facially insufficient as it failed to give him an informative statement of the Board's reasons for denying him parole release. But we conclude that the reason given to Kaufhold was sufficient when considered in light of our past decisions and with reference to the crime that Kaufhold committed.
 
 
 2
 In Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.1977) (en banc), cert. denied, 435 U.S. 1003 (1978), the Fourth Circuit held that, while a prisoner must be given the reasons for parole denial, the statement that "[the prisoner's] criminal record dated back to 1964," was a constitutionally sufficient reason. 569 F.2d at 801 (en banc) (affirming panel opinion on the point, 567 F.2d at 797 n. 59). In Bloodgood v. Garraghty, 783 F.2d 470 (4th Cir.1986), we held that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of "the seriousness of [his] crime" and his "pattern of criminal conduct." Id. at 472, 475.
 
 
 3
 The approach is consistent with the most recent Supreme Court case on the subject. In Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979), the Supreme Court reversed the Eighth Circuit's requirement that a prisoner be provided with a full explanation of the facts relied upon and reasons for a board's denial of parole. Id. at 15-16. The Supreme Court reasoned, "[W]e find nothing in the due process concepts as they have thus far evolved that requires the Parole Board to specify the particular 'evidence' ... on which it rests the discretionary determination that an inmate is not ready for conditional release." Id. at 15 (citing Franklin v. Shields, 569 F.2d at 800). All that the due process clause requires under Greenholtz is that a parole board inform the inmate as to why he falls short of qualifying for parole.
 
 
 4
 Here Kaufhold was informed of the Board's denial of his parole release and the reason for it--"the serious nature and circumstances of your crimes." There can be no doubt that Kaufhold's crime properly falls within that category--he was convicted, on June 28, 1985, for the rape of his wife, abduction, and statutory burglary. Kaufhold seeks to require the Virginia Parole Board to put in writing that "rape is a serious offense." Granting such a request would be indulging a superfluity. Kaufhold must have known of the crimes underlying his conviction and their circumstances. He was the prime wrongdoer. The serious nature of rape and abduction is self-evident. Though it might have been more satisfying to him if a greater fleshing out of the facts underlying the denial had taken place, it was not required. Kaufhold received all of the process that he was due.
 
 The district court's judgment is
 
 5
 AFFIRMED.